J-S36009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARCHIE SWINSON | : | |
| | : | |
| Appellant | : | No. 588 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003722-2018

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 18, 2023**

Archie Swinson appeals from the aggregate judgment of sentence of forty-four to 110 years of incarceration following his guilty plea to various charges of sexual and physical assault. We affirm.

The trial court detailed the factual predicate for Appellant's offenses as follows:

> On March 4, 2018[,] at approximately 5:40 a.m. the complainant, a diminutive and small framed woman, was walking to work in the 1300 block of Lombard Street in the City of Philadelphia. Appellant passed the complainant on the street, immediately turned around, grabbed her by the neck and dragged her into a nearby alley. In the alley, Appellant repeatedly punched the complainant's face and head and covered her mouth when she tried to fight and scream for help.
>
> As the complainant continued to scream, Appellant unmercifully tightened his grip around her neck[,] choking her airways. Appellant then began to pull off the complainant's pants and shoved her face down on the ground. At this time, Appellant was joined and assisted by acquaintance and co-defendant, Kenneth

> Faixmel, who upon entering the alley, ripped off the victim's backpack from her body, removed her phone, wallet, and other valuables from her bag.
>
> Appellant continued his battering by pulling down the victim's pants and telling her "I want your pussy." The complainant repeatedly begged Appellant not to rape her. Unrelenting, Appellant demanded, "shut the fuck up and give me a blow job." Fearful of being killed, the complainant complied, and Appellant forcibly inserted his penis into the complainant's mouth. Apparently still unsatisfied, Appellant again commanded, "I want your pussy." The victim repeated, "No." Appellant . . . and the co-defendant . . . then fled the alley with the complainant's valuables.

Trial Court Opinion, 6/24/22, at 2 (cleaned up).

The complainant was rushed to the hospital for treatment and a rape kit examination. She suffered a swollen face and lacerations to the back of her head that required five staples. *See* N.T. Plea, 12/11/18, at 15-16.

Video surveillance depicted Appellant's initial attack of the complainant on Lombard Street as well as the conduct of Faixmel, who was arrested and implicated Appellant as the individual who physically and sexually assaulted the complainant. The complainant also identified Appellant as her assailant from a photo array. Police executed a search warrant of Appellant's apartment and arrested him shortly thereafter. The jeans and hat depicted in the surveillance footage were recovered from Appellant's apartment, and he was wearing the same sweatshirt and boots as in the video. *See id*. at 16-17.

Based on the foregoing, Appellant was charged with numerous offenses, including robbery based on his conduct with co-defendant Faixmel. On the eve of Appellant's joint jury trial with Faixmel, Faixmel decided to plead guilty

and testify against Appellant. Appellant was granted a continuance in response to the change in circumstances and in order to evaluate his competency. Appellant's competency was confirmed and on December 11, 2018, he entered an open guilty plea to aggravated assault, attempted rape by forcible compulsion, involuntary deviate sexual intercourse ("IDSI"), robbery, conspiracy to commit robbery, and strangulation.

On February 8, 2019, following the completion of a pre-sentence investigation report and mental health evaluation, Appellant appeared for sentencing. The court sentenced Appellant to the following individual terms of incarceration, which were all ordered to run consecutively to each other: eight to twenty years for aggravated assault, eight to twenty years for attempted rape, eight to twenty years for IDSI, eight to twenty years for robbery, eight to twenty years for conspiracy to commit robbery, and four to ten years for strangulation. Appellant was designated a Tier III offender under the Sexual Offender Registration and Notification Act and required to register as a sexual offender for his lifetime.

Ultimately, Appellant filed a post-sentence motion *nunc pro tunc* alleging that his aggregate sentence was excessive and seeking the opportunity to present mitigation.[1] **See** Post Sentence Motions, 12/24/21. The court held a hearing on February 15, 2022, during which it entertained argument from

---

[1] We note that Appellant's *nunc pro tunc* post-sentence motion was so late because he was serially abandoned by counsel. However, as it does not impact our review, we do not recount that history here.

counsel and Appellant regarding Appellant's mental health and upbringing.  At the conclusion of the hearing, the court denied Appellant's motion.

Appellant timely filed a notice of appeal and,[2] thereafter, the court entered an order formally denying Appellant's post-sentence motion. Although not ordered to do so, Appellant filed a Pa.R.A.P. 1925(b) statement. The court issued a Rule 1925(a) opinion.  Appellant presents a single issue for our review:

> Whether the trial court abused its discretion in sentencing Appellant to a manifestly excessive and clearly unreasonable aggregate term of forty-four years to one hundred and ten years for aggravated assault, attempted rape, [IDSI], robbery, conspiracy to [commit] robbery and strangulation at the original sentencing and after leaving the sentence in place after a reconsideration hearing.

Appellant's brief at 8 (cleaned up).

In order for this Court to review a challenge to the discretionary aspects of a sentence, the defendant must first invoke our jurisdiction by satisfying the following four requirements:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence;

---

[2] Despite the trial court announcing its decision to deny Appellant's post-sentence motion in open court on February 15, 2022, it did not enter a written order until February 28, 2022.  Although Appellant's notice of appeal was filed in the interim, we deem it timely filed pursuant to Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Commonwealth v. Schroat*, 272 A.3d 523, 527 (Pa.Super. 2022) (cleaned up). The existence of a substantial question is determined on a case-by-case basis, and will only be found where the defendant "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. (cleaned up).

Here, by virtue of the reinstatement of his post-sentence and appeal rights, Appellant has preserved his issue in a post-sentence motion and filed a timely notice of appeal. Additionally, he has included a Rule 2119(f) statement, arguing that he raised a substantial question because the "aggregate sentence is manifestly excessive as it is too severe a punishment for the individual circumstances of the case[.]" Appellant's brief at 11.

We have held that "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Dove*, ___ A.3d ___, 2023 WL 4715188, at *6 (Pa.Super. 2023) (cleaned up). "The key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id*. (cleaned up).

Stated simply, Appellant challenges the trial court's decision to impose consecutive rather than concurrent sentences. Such an argument does not raise a substantial question in light of the violent crimes Appellant committed against the complainant. *See id*. (noting that trial courts retain broad discretion to determine whether to impose sentences concurrently or consecutively, and a challenge to that discretion generally does not raise a substantial question). Here, Appellant pled guilty to snatching a woman off the street, dragging her into an alley, punching her repeatedly in the face, strangling her when she tried to scream for help, attempting to rape her, forcing her to perform oral sex on him, and, if that were not enough, assisting a compatriot in robbing her of her belongings. These were separate, violative acts, for which the trial court had the discretion to impose consecutive standard range sentences. Given the criminal conduct at issue and the length of incarceration imposed, we conclude that the trial court's imposition of consecutive sentences did not result in a sentence so excessive on its face as to raise a substantial question.

Nonetheless, even if he did so convince us, he would not be entitled to relief. In his brief, Appellant contends that he "had a history of mental health issues" and "a terrible childhood[,]" and that "while the trial court may have been swayed by the emotion of the magnitude of this case," he asks this Court "to be rational and give him a chance[.]" Appellant's brief at 13. However, the record bears out that the trial court considered his mental health, upbringing, and all relevant mitigating factors before imposing the appealed-

from sentence. *See* N.T. Sentencing, 2/8/19, at 26-30 (noting specifically that the court took into consideration, among other things, Appellant's mental health and upbringing); N.T. Post-Sentence Motion Hearing, 2/15/22, at 11-14 (explaining that on reexamination, the court stood by its original sentence after reviewing the pre-sentence reports and Appellant's additional statements made during the post-sentence motion hearing regarding his mental health history and upbringing). Thus, assuming Appellant did raise a substantial question, we would discern no abuse of discretion on the part of the trial court in fashioning Appellant's sentence.

Based upon the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 18, 2023</u>